UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

HOWARD E. WHITING, JR.,

          Plaintiff,

v.                                                 Case No.  5:04-cv-123-Oc-10GRJ

MICHAEL J. ASTRUE, Commissioner of Social
Security,

          Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Application for: Approval of Counsel's Contingency Fee Contract With Plaintiff Which Provides For a Fee Of 25 Percent of Plaintiff's Past Due Benefits; For An Award of Attorney's Fees Equal to 25 Percent of Plaintiff's Remaining Past Due Benefits Pursuant to 42 U.S.C. § 406(b)(1).  (Doc. 26.) The Commissioner has filed a response in opposition. (Doc. 29.) Subsequent to the filing of the Commissioner's response the Plaintiff filed a copy of his Social Security Fee Agreement (Doc. 30), a copy of a letter from to Plaintiff from his counsel advising his of the fee petition (Doc.31) and the Affidavit of Howard E. Whiting, Jr., advising that the Plaintiff has no objection to the contingency fee requested by his counsel. (Doc. 32.) This motion is therefore ripe for the Court's consideration and for the reasons discussed below, Plaintiff's Application is due to be **GRANTED.**

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

## I. <u>BACKGROUND</u>

On April 29, 1998, Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income alleging a disability date of February 14, 1998. Plaintiff's application was denied initially and again by an administrative law judge on September 11, 2002. Plaintiff requested a review by the appeals council that was subsequently denied. At that time, Plaintiff's original counsel, Scott Hamel, informed Plaintiff that his claim lacked sufficient merit to proceed and Plaintiff was referred to current counsel, N. Albert Bacharach, Jr.

On March 6, 2004, counsel filed a Complaint in this Court. Subsequently, on motion by the Defendant, this cause was remanded by the Court to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) with instructions for the Commissioner to conduct *a de novo* hearing before an administrative law judge.[2]

Thereafter, a second administrative hearing was held on August 24, 2005 and ALJ Stacey entered a partially favorable decision finding Plaintiff disabled. Counsel for Plaintiff then requested a review of this decision by the appeals council. The appeals council remanded the case for a third hearing. Plaintiff's case was reassigned to ALJ Holder. After conducting a third administrative hearing thirty eight months later, ALJ Holder entered a fully favorable decision, finding that Plaintiff was disabled as of February 14, 1998. As a result, Plaintiff was awarded $70,846.00 for past due benefits. The Commissioner requested the Court to reopen the case and affirm the Commissioner's decision. The Court reopened the case on March 14, 2008, entered an

---

[2] The Court remanded this case due to an inaudible tape.

order affirming the decision of the Commissioner and requested the Clerk to enter final judgment but not to close the file until this outstanding motion was resolved.

The Commissioner is holding in escrow $17,711.50 of the award of past due benefits to secure payment of attorney's fees. Plaintiff's counsel represents that he expects payment of $5,300.00 of the escrowed funds for representing the Plaintiff before the Social Security Administration. Consequently, after payment of this amount, the Social Security Administration will continue to hold in escrow $12,411.50 of Plaintiff's past due benefits.

## II. **DISCUSSION**

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee ... not in excess of 25 percent of the ... past-due benefits" awarded to the claimant.[3] The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits."[4]

As required by *Gisbrecht v. Barnhardt*[5] - the Supreme Court's most recent pronouncement concerning the award of 406(b) fees - courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. " A contingent-fee agreement is not *per se* reasonable. Deference should be given, however, to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness to take the case despite the risk of

---

[3] 42 U.S.C. § 406(b)(1)(A).

[4] Id.

[5] 535 U.S. 789, 808 (2002).

nonpayment."[6]  As such, when a court is called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases.[7]

In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case,"the so-called "windfall" factor.[8] In these instances, a downward reduction may be in order.

According to counsel for Plaintiff, the Court should take into consideration several issues when reviewing the application for fees. First, counsel for Plaintiff argues in his motion that without the contingency-fee representation available to Social Security claimants, many claimants would never receive the benefits to which they are legally entitled. In this case, Plaintiff's original lawyer declined to proceed with Plaintiff's claim after the initial denial of benefits. Counsel for Plaintiff points out that had he not agreed to take Plaintiff's case, Plaintiff would not have received entitlement to disability benefits in the amount of $70,486.00, a monthly disability check and health insurance through

---

[6] Joslyn v. Barnhart, 389 F.Supp.2d 454, 456 (W.D. N.Y. 2005).

[7] Gisbrecht at 805.

[8] Id. at 808.

Medicare.

Although the Court is of the view that hourly rates for lawyers in this region of the state are well below the hourly rate suggested by Plaintiff, the task of this Court is not to determine an appropriate hourly rate for a lodestar but rather to insure that the fee is not a windfall. A windfall connotes that counsel is receiving compensation he is not entitled to and that payment of the compensation would be unfair or detrimental to the claimant. In this regard, Plaintiff's counsel has submitted the affidavit of the claimant, in which the claimant joins in the request with his counsel for payment of the requested fees, thus evidencing that payment is neither unfair nor detrimental to the claimant.

Accordingly, the Court gives substantial weight to the sworn declaration of the claimant, Howard E. Whiting - whose past due benefits will comprise the fund from which counsel's fees will be paid - who avers that he has been informed of his right to object to counsel's fee, advised that he may consult with counsel from legal services if he chooses to object to the requested fee, that he is "well pleased with Mr. Bacharach's representation and the results achieved" and that he has "no objection to [counsel] being awarded the $12,411.50 he has requested."[9]

The affidavit of the claimant convinces the Court that Mr. Whiting has been fully and adequately informed of the nature of these proceedings. Further, and most notably, Mr. Whiting represents that he understands the requested fees will be paid from the past due benefits he was awarded - and which are being held in escrow by the Social Security Administration - and that he fully supports payment to his counsel of the

---

[9] Doc. 30.

requested fees. Because the rationale behind *Gisbrecht's* requirement that the Court test the fee for reasonableness was to "protect claimants against inordinately large fees" the statement by the claimant, here, that he has no objection to the requested fee and fully supports payment of the entire fee is compelling evidence that the fees requested by counsel in this case satisfy the guidelines in *Gisbrecht* and will not result in a "windfall" to Plaintiff's counsel.

In addition to the fact that the claimant fully joins in and consents to the payment of the requested fees to his counsel, the fee in this case is appropriate in view of the fact that the case was difficult and challenging and the results in this case for the claimant were outstanding - resulting in both a significant award for past due benefits as well as the receipt of ongoing benefits including entitlement to insurance through Medicare.[10]

### III. CONCLUSION

Accordingly, for these reasons, it is respectfully **RECOMMENDED** that Plaintiff's Application For: Approval of Counsel's Contingency Fee Contract With Plaintiff Which Provides For a Fee of 25 Percent of Plaintiff's Past Due Benefits; For An Award of Attorney's Fees Equal to 25 Percent of Plaintiff's Remaining Past Due Benefits Pursuant to 42 U.S.C. § 406(b)(1) (Doc. 26) should be **GRANTED** and § 406(b)(1) fees should be approved for Plaintiff's counsel in the sum of $12, 411.50 to be paid out of the

---

[10] The Court's approval of the payment of $12,411.50 in 406(b) fees in this case does not set a benchmark that such a fee is reasonable in every social security case, particularly in view of the fact that *Gisbrecht* calls for a case-by-case evaluation of the reasonableness of fees yielded by contingency agreements. Consequently, the Court's ruling in this case should not be considered to have any precedential value on §406(b) fee applications in other social security cases in which the claimants are represented by counsel on a contingency-fee basis.

6

Plaintiff's past due benefits currently being withheld by the Social Security Administration.

    **IN CHAMBERS** in Ocala, Florida, on May 29, 2008.

*[signature]*
GARY R. JONES
United States Magistrate Judge

Copies to:

    Honorable Wm. Terrell Hodges
    Senior United States District Judge

    All Counsel